UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LL&G CONSTRUCTION CO., INC. | CIVIL ACTION |
| VERSUS | NO: 06-7527 |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND ELLSWORTH CORP. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that LL&G Construction Company, Inc.'s motion to remand is **GRANTED** and the case is **REMANDED** to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.  (Document #3.)

### I. BACKGROUND

On April 14, 2004, LL&G Construction Company, Inc. (LL&G), a Louisiana contractor, purchased through Ellsworth Corporation (Ellsworth), an insurance broker/agent domiciled in Louisiana, a builders' risk policy for the MM 16 Lake Pontchartrain Causeway Commission fender replacement project.  The policy bound coverage with St. Paul Fire and Marine Insurance Company for the period of August 7, 2004 to August 7, 2005, and was renewed for the period of

August 7, 2005 to August 7, 2006 with Travelers Property Casualty Company of America (St. Paul Travelers).  On October 20, 2005, St. Paul Travelers issued a "Declarations Page" for the August 7, 2005 policy indicating that there was no coverage for flood insurance.  On November 20, 2005, St. Paul Travelers issued a "Change Endorsement" to the August 7, 2005 policy stating that "Wind Coverage is provided for the Greater New Orleans Expressway Commission Project only."

Hurricane Katrina caused damage to the property of approximately $1,000,000.  LL&G made a demand for losses to the property, and St. Paul Travelers denied the claim.  LL&G filed a petition for damages for breach of contract against St. Paul Travelers and for errors and omissions against Ellsworth in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.  St. Paul Travelers removed the case to federal court, asserting diversity jurisdiction because Ellsworth is improperly joined.  LL&G filed a motion to remand.

## II. DISCUSSION

### A.  Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Improper joinder may be established in two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d

644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  Id.  In cases in which the plaintiff has stated a claim, "but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  Id.

**B.  Improper joinder**

St. Paul Travelers contends that there is diversity jurisdiction because Ellsworth's Louisiana citizenship should not be considered in determining if the parties are diverse.  St. Paul Travelers argues that Ellsworth is improperly joined because the claim that Ellsworth failed to procure the requested insurance coverage is perempted.  St. Paul Travelers contends that LL&G had constructive notice of the facts that would entitle it to bring suit against Ellsworth in 2004.

La. Rev. Stat. 9:5606 provides in relevant part:

> A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be

> brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

LL&G  presents the affidavit of its acting President, Helyn Ledet, who states that the only document that LL&G received concerning the limits and extent of insurance coverage prior to August 29, 2005, is a "Certificate of Insurance" from Ellsworth dated April 15, 2004, which states that "Coverage includes Flood and Earthquake."  LL&G first received notice from St. Paul Travelers that the policy renewal for the period of August 7, 2005 to August 7, 2006 did not include flood coverage on October 20, 2005.  Ledet states in the affidavit that "[a]t no time prior to August 29, 2005, did Ellsworth, St. Paul or Travelers advise LL&G that flood coverage had been excluded from any of the relevant policies."

St. Paul Travelers does not challenge Ledet's affidavit, but argues that the court should not consider the evidence because it contains new factual allegations that do not support the cause of action against Ellsworth in the complaint.  The court considers the evidence because it is not offered to support a new claim, but to establish that the claim against Ellsworth is not perempted.  The court finds that LL&G has established that it was in possession of a certificate that indicated flood coverage, and it did not discover that it was St. Paul's position that the policy did not include flood insurance until after Hurricane Katrina struck on August 29, 2005.  The petition for damages was filed on August 23, 2006, within the peremptive period of La. Rev. Stat. 9:5606.

Accordingly, St. Paul Travelers has not demonstrated that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against Ellsworth. Improper joinder is not established, and the court lacks diversity jurisdiction.

New Orleans, Louisiana, this  20th  day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**